# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 01cr2788 JM |
|---|---|
| Plaintiff, | CIVIL NO. 17cv2310 JM |
| vs. | ORDER |
| JOSE G. CEBREROS, | |
| Defendant. | |

Defendant Jose G. Cebreros moves for the issuance of a certificate of appealability pursuant to 28 U.S.C. §2253. "A certificate of appealability may issue [] only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). On the merits, Defendant contends that the 1988 state conviction for felony possession of cocaine that was used as a predicate for the imposition of the 20-year mandatory sentence in the present case has been reduced to a misdemeanor pursuant to Proposition 47, enacted by the voters on November 4, 2014. Consequently, Defendant concludes, without citation to any binding or persuasive authority, that his due process rights were violated by the imposition of the 20-year mandatory minimum sentence. Accordingly, Defendant seeks resentencing.

The court concludes that Defendant fails to make a substantial showing of the denial of a constitutional right and, therefore, denies the request for a certificate of appealability. Defendant specifically recognizes that it is an open question whether a federal sentence is impacted by a state law that, serving as a predicate for a sentencing

1 | enhancement, is subsequently reduced from a felony to a misdemeanor. (Motion at p.6:17-21); McNeill v. United States, 563 U.S. 816, 825 n.1 (2011). As an open question on collateral review, Defendant necessarily fails to make a substantial showing of the denial of a constitutional right.[1]

**IT IS SO ORDERED.**

DATED: December 14, 2017

JEFFREY T. MILLER
United States District Judge

cc:   All parties

---

[1] While Defendant contends that the modification of the state conviction constitutes both "new evidence and new law," (Motion at p.8:18), the court notes that newly discovered evidence refers to evidence "that no reasonable factfinder would have found the movant guilty of the offense" and new law refers to "a new rule of constitutional law, made retroactive to cases on collateral review." 28 U.S.C. §2255(h).